# United States Court of Appeals for the Fifth Circuit

—————————

No. 25-30634
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EVAN AARON ARD,

*Defendant—Appellant*.

—————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:23-CR-187-1

—————————————————————

Before SMITH, SOUTHWICK, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Evan Ard appeals the sentence imposed for his convictions of conspiracy to commit Hobbs Act robbery and possession of a firearm during a crime of violence. For the first time on appeal, he challenges the application of the bodily-injury adjustment that increases his base offense level by two.

The district court erred by finding that a victim sustained bodily injury

—————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-30634

during the robbery.  *See* U.S.S.G. § 2B1.3(b)(3)(A).  In light of our decision in the appeal of one of Ard's codefendants, *United States v. Brumfield*, No. 24-30388, 2025 WL 1566594, at *3 (5th Cir. June 3, 2025) (per curiam) (unpublished), the error is clear or obvious.  *See United States v. Sanches*, 86 F.4th 680, 686 (5th Cir. 2023).

Even so, we cannot say that the error affected Ard's substantial rights. *See United States v. Hott*, 866 F.3d 618, 621 (5th Cir. 2017).  The district court reasoned that a 63-month sentence was sufficient in light of Ard's personal characteristics and other relevant 18 U.S.C. § 3553(a) factors and indicated in the statement of reasons that it would have imposed an identical sentence in the event that the guidelines calculations were incorrect.  As a result, the record is not silent as to what sentence the district court would have imposed but for the guidelines error.  *See United States v. Blanco*, 27 F.4th 380, 381 (5th Cir. 2022).

AFFIRMED.